# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CORETTA DENNIS,**                                    Case Number:

   **Plaintiff,**

v.

**EVERPRO RESTORATION, LLC.,**
**SEBASTIAN EVERS.,**

   **Defendants,**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid minimum and overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her complaint, Plaintiff states as follows:

Parties

2. Plaintiff, Coretta Dennis, is a resident of Orange County, Florida.

3. Defendant, Everpro Restoration, LLC (hereinafter "EverPro") is an inspection and restoration services company for residential and commercial properties headquartered in Orlando and across Florida., located in Orange County, Florida.

4. Defendant, Sebastian Evers (hereinafter "Evers"), is the owner of Defendant EverPro and was Plaintiff's direct manager at all times during Plaintiff's employment with Defendants.

5. Defendant Evers interviewed and hired Plaintiff to work for Defendant EverPro. Additionally, Defendant Evers set Plaintiff's rate of pay and assigned Plaintiff duties during her employment with Defendants.

6. Defendant Evers managed every aspect of Plaintiff's employment with Defendant EverPro, including tracking Plaintiff's working hours, issuing Plaintiff's pay, reviewing Plaintiff's work, and approving Plaintiff's leave requests.

7. Plaintiff was employed by Defendants as an inspector from approximately October 3, 2022, until December 13, 2023

## Jurisdiction

8. Plaintiff resides in Orange County, Florida.

9. Defendants conduct business in Orange County, Florida.

10. Defendants employed Plaintiff in Orange County, Florida.

11. All events giving rise to this action occurred in Orange County, Florida.

## Facts

12. Defendants employed Plaintiff as an inspector.

13. Plaintiff was a non-exempt employee paid a daily rate of $150 without regard to the actual number of hours worked per day or per week.

14. Plaintiff was not paid a weekly salary, but was instead paid a daily rate of $150.

15. Plaintiff was not paid for days she did not work and did not receive a weekly guarantee or salary.

16. When Plaintiff did not work one or more days during a single workweek, her weekly pay was reduced by $150 for each day she was absent.

17. Because Plaintiff was employed by Defendants as a non-exempt employee, Plaintiff was entitled to be paid premium wages when she worked more than 40 hours in a single week.

18. Plaintiff was employed by Defendants during the three years prior to the filing of this lawsuit.

19. Defendant EverPro is a restoration services company for residential and commercial properties and operates EverPro Restoration, LLC., in Orange County, Florida.

20. During Plaintiff's employment with Defendants, Plaintiff received payments from Defendant Evers via Zelle, an online banking application.

21. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

22. Defendant Evers owns and operates EverPro Restoration, LLC., in Orange County, Florida.

23. At all times relevant to this action, Plaintiff worked for Defendants and performed services for Defendants in Orange County, Florida.

24. At all times during her employment, Plaintiff was employed by Defendants as a non-exempt employee who was paid an hourly wage.

25. During the entirety of her employment, Plaintiff worked at least 60 hours per week.

26. Plaintiff was not paid overtime wages for all of the hours she worked while employed by Defendant.

27. Plaintiff was not subject to any overtime exemptions.

28. Defendant engaged in an illegal policy of requiring Plaintiff to work 60 hours or more hours in each workweek of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

29. Defendant did not record all of the time worked by Plaintiff during her employment, which is a direct violation of 29 C.F.R. § 516.

30. Defendants ordered and required Plaintiff to travel between the headquarters and the residential homes that needed to be inspected, and did not provide Plaintiff with a way to record the time she spent traveling between locations.

31. Defendants ordered Plaintiff to clock out for lunch breaks and continue for work for Defendant during her lunch breaks while off the clock.

32. Plaintiff regularly worked more than 40 hours per week during her employment with Defendants, however, Plaintiff was not paid premium wages of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

33. Defendants failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

34. Defendants engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendants in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

35. Specifically, Defendants intentionally paid Plaintiff a daily rate of $150 without regard to the number of hours actually worked by Plaintiff each day and each week to avoid paying Plaintiff minimum wages and overtime wages.

36. Defendant EverPro was fully aware of the hours (both regular and overtime) that Plaintiff worked because Defendant Evers assigned Plaintiff's job duties and created Plaintiff's work schedule.

37. Some of the duties performed by Plaintiff off-the-clock included participating in conference calls, updating Defendant Evers on the job, status,

plugging in cameras, cleaning the office and grounds, fueling up the trucks, and receiving new employees after hours

38. Plaintiff regularly and habitually worked 20 hours of unpaid overtime per week during the entirety of her employment.

39. Defendants were required to compensate Plaintiff at a rate of at least minimum wage for all regular hours worked for Defendants.

40. There were weeks during Plaintiff employment with Defendants when Defendants simply refused to pay Plaintiff – at all – for her work. During those weeks, Plaintiff earned less than minimum wage.

41. As of this date, Plaintiff still has not been paid minimum wages for all regular hours worked for Defendants.

42. Defendants were required to compensate Plaintiff at a rate of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

43. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

44. Plaintiff seeks full compensation, including unpaid minimum wages, unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendants' conduct in refusing to pay Plaintiff at minimum wages and overtime

wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendants.

45. Defendant EverPro is a for-profit corporation that operates and conducts business in, among others, Orange County Florida, and is therefore, within the jurisdiction of the Court.

46. Defendant Evers is a resident of Orange Coumty, Florida and the owner of Defendant EverPro.

47. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commercial inspect the residential properties, provide estimates for restoration services and required Plaintiff to regularly communicate with out-of-state entities. Plaintiff regularly communicated with persons located outside of Florida via telephone and electronic mail. Additionally, Plaintiff was required to travel along highyways and byways to perform her essential job duties which were to inspect homes for damage.

48. This action is brought under the FLSA to recover from Defendants, unpaid minimum wages, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

49. The Court has jurisdiction over Plaintiff's claims as material events transpired in Orange County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

50. At all material times relevant to this action, Defendant EverPro was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant EverPro as well as the sheer size of Defendant's organization suggest that the Defendant EverPro is a multi-million-dollar operation that has considerable expertise in the residential property restoration industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant EverPro has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

51. At all material times relevant to this action, Plaintiff in her capacity as an inspector, and was individually covered by the FLSA. The very essence of Plaintiff's employment, traveling along highways and byways to photograph damages to be submitted to out of state insurance companies, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

52. Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

53. Plaintiff did not participate in the creation of budgets for Defendants or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

54. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all hours worked during her employment.

55. Defendants are in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

56. However, Plaintiff alleges that she routinely worked in excess of 60 hours per week, including time for which Defendants made no provisions to properly record.

57. Defendants failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

58. Plaintiff resigned from her employment with Defendants on or about the first week of December 2022. Defendants have not paid Plaintiff her final paycheck and therefore, Plaintiff did not receive at least minimum wages for all hours worked during her final week of employment.

## COUNT I – RECOVERY OF OVERTIME WAGES

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-58, above.

60. Plaintiff was employed by Defendants and was, at all times, protected by the FLSA.

61. Plaintiff was an hourly, non-exempt employee.

62. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

63. Plaintiff regularly worked beyond 40 hours in a single workweek.

64. Defendants engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

65. Plaintiff was damaged as a result of Defendants' failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

66. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

67. Plaintiff demands a trial by jury.

## COUNT II – RECOVERY OF MINIMUM WAGES

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-58, above.

69. Plaintiff was employed by Defendants and was, at all times, protected by the FLSA.

70. Plaintiff was an hourly, non-exempt employee.

71. Plaintiff was entitled to receive at least minimum wages for all hours worked in a single work week.

72. Plaintiff worked for Defendants during the pay period starting October 3, 2022, and ending December 2022.

73. However, Plaintiff was not paid for all the hours spent working during the pay period described in Paragraph 58 of this Complaint.

74. Defendants engaged in an illegal policy of not paying Plaintiff minimum wages for all hours worked beyond 40 in a single work week.

75. Plaintiff was damaged as a result of Defendants' failure to pay Plaintiff minimum wages for all hours worked beyond 40 in a single workweek.

76. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid minimum wages, liquidated damages, attorney's fees, and costs.

77. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the unpaid minim wages, unpaid overtime wages, liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 7th day of June, 2023

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com